

# Fourth Court of Appeals
## San Antonio, Texas

December 14, 2017

No. 04-17-00804-CR

James **MCDONALD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR12465
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

James McDonald entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to aggravated sexual assault of a child. The trial court imposed sentence in accordance with the agreement on October 11, 2017, and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). McDonald did not file a motion for new trial. Therefore, a notice of appeal was due November 10, 2017, or the notice and a motion for extension of time to file, were due fifteen days later on November 28, 2011. Tex. R. App. P. 26.2(a)(1), 26.3. The envelope in which the notice of appeal was mailed to this court bears a postmark of November 14, 2017 and also contains the following notation: "Processed Nov 13 2017 BCADC Mailroom Dept." McDonald did not file a motion for extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3.

The clerk's record includes the trial court's Rule 25.2(a)(2) certification and the written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that McDonald does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

McDonald is given notice that this appeal will be dismissed unless, by **January 3, 2018**, (1) he files a response establishing that the notice of appeal was timely filed by mail **and** (2) an amended certification showing that he has the right to appeal is made part of the appellate record. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction); TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed.

We **order** all appellate deadlines are suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of December, 2017.

Keith E. Hottle
Clerk of Court